181 P.3d 485

**C SYSTEMS, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**Richard McGEE, Defendant–Respondent,**

and

**Imbris, Inc., an Idaho corporation, Karen Dungan, Anita Nikiforuk, A.J. Sims, James Wym, Defendants.**

No. 33233.

Supreme Court of Idaho, Lewiston, March 2008 Term.

April 1, 2008.

Robert E. Covington, Hayden, for appellant. Witherspoon, Kelley, Davenport & Toole, P.S., Coeur d'Alene, for respondent. Robert James Caldwell argued.

W. JONES, Justice.

## I. FACTS AND PROCEDURAL HISTORY

*Parties relevant to this appeal*

Richard McGee (McGee) is the former president, director, and shareholder of C Systems, Inc. (C Systems). Donald Campbell and McGee formed C Systems, Inc. in

1995.[1] McGee also helped establish Sabrecross, a separate corporation. Imbris, Inc. is a company owned by Karen Dungan, Anita Nikiforuk, A.J. Sims, and James Wyma, individuals C Systems claims were under McGee's supervision at C Systems at the date Imbris, Inc. was formed.

*The first action*

On August 13th, 1999, Donald C. Campbell and C Systems, Inc. brought an action against McGee, requesting, among other things, declaratory relief and damages for McGee's alleged breach of fiduciary duty. A Special Master was assigned to the case. In that action, C Systems alleged in a March 14, 2001 affidavit by Donald Campbell that McGee diverted assets to Imbris, Inc. Campbell alleged that

> McGee accomplished the transfer of ... assets to Imbris, Inc. and Sabrecross, Inc. without any authorization by the Directors of C Systems, Inc. or the Special Master in this case. Such actions were in violation of the restraining order that has been in effect in this case since August 13, 1999.

McGee, on January 18, 2001, filed a Motion to Dismiss and/or Motion for Summary Judgment. Campbell and C–Systems responded on March 14, 2001. The district court granted McGee's motion for summary judgment on March 23, 2001.

*The second action*

The present action was then commenced on April 23, 2002, when C Systems filed a complaint against Imbris, Inc., McGee, and others. The complaint alleged that McGee attempted to divert assets from C Systems to Sabrecross, and that McGee diverted C Systems customer checks to the Imbris bank account. It further alleges that the "revenues from those customers after April 1, 2000, were diverted to Imbris without authorization or approval by Campbell or the C Systems board of directors."

In this action, C Systems seeks return of assets from Imbris, over $1,000,000 in damages, and attorney's fees.

McGee filed a motion for summary judgment on November 22, 2005. The district court granted his motion on January 11, 2006, holding that

> 1) the claim is barred by *res judicata* and claim preclusion as the claim *could have been raised* in Kootenai County Case CV 1999 4650, (sic) indeed the claim *was* raised in that case on summary judgment, and 2) because on the only claim against McGee (conversion), there is no issue of material fact as to whether McGee exercised any dominion or control over business assets *without a right to do so.* (Emphasis in original.)

## II. STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, we use the same standard a district court uses when it rules on a summary judgment motion. Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All facts are viewed in the light most favorable to the nonmoving party.

*Ticor Title Co. v. Stanion,* 144 Idaho 119, 122, 157 P.3d 613, 616 (2007) (internal citations omitted).

In addition, "[w]hether claim preclusion or issue preclusion bars relitigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review." *Id.* (internal citations omitted).

## III. ANALYSIS

*Legal Framework*

"*Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence." *Id. Res judicata* encompasses both claim and issue preclusion ("true" *res judicata* and collateral estoppel, respectively), but this Court employs differ-

---

1. C Systems originally was named Netlink, Inc., but the name was changed in 1998.

ent tests for each. *Id.* at 123, 157 P.3d at 617.

■■■ "[A] valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 150, 804 P.2d 319, 323 (1990). In addition,

> in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit.

*Joyce v. Murphy Land and Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922).

### C Systems' First Argument against the application of res judicata

C Systems argues that the facts of the 1999 case "consist of McGee's threats to transfer C Systems' assets to Sabrecross and himself," whereas the facts alleged in this case "occurred between January and September, 2000 .... [and] Imbris did not exist in August, 1999," because it had yet to be formed by Nikiforuk, Dungan, Wyma and Sims. Moreover, C Systems claims that none of these individuals was a party to the 1999 action. C Systems alleges that the relevant actions of these individuals had yet to occur, since these actions took place between January and September of 2000. C Systems therefore concludes that the facts in this case were not of the same "transaction or series of transactions" out of which the 1999 case arose, since the case was not ripe in 1999. C Systems distinguishes the two cases by noting that the 1999 case involved a threat to transfer assets to a company owned by McGee, whereas the present case involves "a transfer in which McGee was a conspirator with a company owned by persons other than McGee." From this fact, C Systems concludes that the relevant act in this case, i.e., the transfer of assets to Imbris, was not the same transaction as the facts in the 1999 case.

### C Systems' Second Argument against the application of res judicata

C Systems argues that this case does not involve the same parties as did the 1999 case. This case involves a claim against a group that allegedly conspired to divert assets to Imbris, whereas the 1999 case was against McGee and Sabrecross.

### Legal Application

■■ This case involves an allegation that McGee unlawfully diverted assets to Imbris, Inc. As noted above, this allegation clearly was made in the first suit, when it was alleged that

> McGee accomplished the transfer of ... assets to Imbris, Inc. and Sabrecross, Inc. without any authorization by the Directors of C Systems, Inc. or the Special Master in this case. Such actions were in violation of the restraining order that has been in effect in this case since August 13, 1999.

Therefore, this issue "should have been litigated in the first suit." It is part of the same transaction as the first suit and is barred by *res judicata.* Indeed, counsel for C Systems admitted in oral argument that although Imbris was not in existence at the outset of the previous case, it was formed and known to C Systems before any trial date was set in the first case and that discovery could have been used in that case to uncover the identity of the various individuals involved in Imbris and, in fact, Imbris and such individuals could have been joined in the first suit. It is clear that C Systems contended in the first suit that McGee in fact transferred assets to Imbris without any authorization by the Directors of C Systems and in violation of the court's order in that case. The same issues and allegations are raised in this case when in fact they not only should have been litigated in the first suit, but actually were litigated and decided in favor of McGee by summary judgment.

The previous case involved C Systems and McGee. The present case also involves C Systems and McGee. The parties are the same even though this case also involves additional parties, rendering unpersuasive C Systems' argument that the identity of parties was lacking for *res judicata* purposes.

McGee requests attorney's fees and costs on appeal under Idaho Code § 12–121 and I.A.R. 41. Idaho Code § 12–121 states that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees." Idaho Appellate Rule 41(c) states that the "Supreme Court in its decision on appeal shall include its determination of a claimed right to attorney fees, but such ruling will not contain the amount of attorney fees allowed."

McGee bases his claim for attorney's fees on his assertion that C Systems "failed to establish material facts at the trial court level and has set forth no evidentiary basis for challenging any of the findings of fact made by the trial court, and does not ask the court to establish any new legal standard." Instead, McGee claims, C Systems "only invites the appellate court to second guess the trial court without citation to the record."

C Systems' claims clearly were barred by *res judicata* and C Systems presented no meaningful argument to the contrary. Attorney's fees therefore are appropriate pursuant to Idaho Code § 12–121.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms the district court's ruling that C Systems' claim is barred by *res judicata,* and we award costs and attorney's fees to McGee.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, concur.

