# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35077

CAROL A. BOUDREAU,

                   Appellant,

v.

CITY OF WENDELL, a political subdivision
of the State of Idaho, and an incorporated
municipality; and REX L. STRICKLAND,
Mayor; IRENE ROUNSEFELL, Council
President; RICK COWEN, Councilman;
DON BUNN, Councilman; and JASON
HOUSER, Councilman, Individually and in
their official capacity, and DOES I – X.

                   Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, June 2009 Term

2009 Opinion No. 99

Filed: July 16, 2009

Stephen W. Kenyon, Clerk

Appeal from the Fifth Judicial District of the State of Idaho, Gooding County.
Hon. Barry Wood, District Judge.

The decision of the district court is <u>affirmed.</u> Costs are awarded to respondents.

Fuller Law Offices, Twin Falls, for appellant. Daniel Brown argued.

James J. Davis, Boise, for respondents. James Davis argued.

_____

W. JONES, Justice

## I.    NATURE OF CASE

This case involves Appellant Carol Boudreau's (Boudreau) removal from the appointive office of Wendell City Clerk. The issue presented in this case is whether I.C. § 50-206 establishes that city clerks are at-will employees, subject to removal from the appointive office without notice or a hearing, even when an employment manual outlines procedures for dismissal, including notice and a hearing.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Boudreau was appointed to the position of Wendell City Clerk on July 14, 2003. At that time, Boudreau was provided with a copy of the Personnel Manual for the City of Wendell. The Personnel Manual specifically states in all capital letters: "THIS PERSONNEL POLICY IS NOT A CONTRACT." The Personnel Manual outlines the right to notice and a hearing for employees in the event of discharge or demotion.

On February 1, 2007, Boudreau was presented with a written reprimand for malicious gossip, failure to report serious issues to her supervisor, and not using her time productively. On August 9, 2007, the City of Wendell Mayor sent a second letter to Boudreau informing her that she was subject to disciplinary actions because of her behavior at work. The letter provided notice of the basis for the proposed action in accordance with the Personnel Manual and required Boudreau to respond in five days by submitting any grievance she had about the decision in writing.[1] On August 29, 2007, pursuant to I.C. § 50-206, and after a unanimous vote by the Wendell City Council, Boudreau was removed from the position of city clerk.

Boudreau filed a Verified Complaint on September 19, 2007, alleging wrongful termination, interference with a contract, breach of the covenant of good faith and fair dealing, and quasi estoppel. Therein, Boudreau claimed that the City of Wendell, Rex Strickland, Ilene Rounsefell, Rick Cowen, Donn Bunn, and Jason Houser (City of Wendell) wrongly terminated her employment when she was not provided with notice and a hearing as provided for in the Personnel Manual.

The City of Wendell filed an Answer on October 4, 2007, denying Boudreau's allegations. On October 24, 2007, the City of Wendell filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. On December 3, 2007, Boudreau filed a memorandum in opposition to the City of Wendell's motion; the City of Wendell filed a reply. The City of Wendell then filed a Motion to Strike Portions of the Affidavit of Carol Boudreau on December 11, 2007. The district court held a hearing on the motions on December 18, 2007, during which time Boudreau's counsel indicated that he was not prepared to respond to the allegations of the Motion to Strike because he had not learned of the motion until the hearing.

---

[1] The record does not reflect whether Boudreau responded to the letter with a written grievance, but it appears that she responded to the allegations verbally during a conversation with Mayor Strickland.

2

On January 25, 2008, the district court entered an order denying the Motion to Strike[2] and granting the Motion for Summary Judgment. The court found that while portions of Boudreau's employment may have been governed by the employment handbook, the Idaho legislature determined that the means by which a city clerk is removed is to be exclusively governed by the terms of I.C. § 50-206. Because the Wendell City Council removed Boudreau in strict accordance with I.C. § 50-206, the court held there was no genuine issue of material fact and the City of Wendell was entitled to judgment as a matter of law. Boudreau appealed to this Court. Neither party requests attorney fees on appeal.

### III.    ISSUE PRESENTED

Whether I.C. § 50-206 establishes that city clerks are at-will employees, subject to removal from the appointive office without notice or a hearing, even when an employment manual outlines procedures for dismissal, including notice and a hearing.

### IV.    STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion. See *C Systems, Inc. v. McGee*, 145 Idaho 559, 561, 181 P.3d 485, 487 (2008) (citing *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007)). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). All facts are viewed in the light most favorable to the nonmoving party. See *C Systems*, 145 Idaho at 561, 181 P.3d at 487 (citing *Ticor Title*, 144 Idaho at 122, 157 P.3d at 616).

### V.    ANALYSIS

Boudreau argues that the City of Wendell contractually agreed, per the Personnel Manual, to go beyond the requirements of I.C. § 50-206 and provide the additional protections of notice and a hearing prior to removing her from the position of city clerk. Boudreau agrees that she was given adequate notice, but claims that she was denied her right to a hearing.

---

[2] In denying Respondents' Motion to Strike, the district court determined that the contested portions of the Affidavit of Carol A. Boudreau were immaterial to its summary judgment determination.

3

The issue presented in this case requires this Court to interpret I.C. § 50-206 to determine whether city clerks are appointive officers, characterized as at-will employees, and subject to removal from such position without cause.

> When interpreting a statute, this Court must strive to give force and effect to the legislature's intent in passing the statute. It must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.

*Wheeler v. Idaho Dept. of Health & Welfare*, 147 Idaho 257, __, 207 P.3d 988, 994 (2009) (citations omitted).

I.C. § 50-204 states in part: "The mayor, except as otherwise provided . . . with the consent of the council shall appoint a city clerk, a city treasurer, a city attorney and such other officers as may be deemed necessary for the efficient operation of the city." There is no dispute that Boudreau became an appointive officer within the definition of I.C. § 50-204 when she was appointed to the position of Wendell City Clerk. I.C. § 50-206 states:

> Any appointive officer, unless appointed under sections 50-801 through 50-812, may be removed by the mayor for any cause by him deemed sufficient; but such removal shall be by and with the affirmative vote of one half ( 1/2 ) plus one (1) of the members of the full council; provided, that the city council, by the unanimous vote of all its members, may upon their own initiative remove any appointive officer.

The statutory language of I.C. § 50-206 clearly provides two methods for removal of an appointive officer. First, the mayor may remove an appointive officer with the vote of one half of the members of the city council plus one. Second, an appointive officer may be removed by unanimous vote of the city council. In this case, the city council unanimously voted to remove Boudreau from the position of city clerk, which was in full compliance with the requirements of I.C. § 50-206 for removal of appointive officers. The statutory scheme for appointing and removing an appointive officer is clear and unambiguous that appointive officers are at-will and subject to removal without cause.

Moreover, in *Bunt v. City of Garden City*, 118 Idaho 427, 797 P.2d 135 (1990), this Court specifically indicated that appointive officers within the meaning of I.C. § 50-204 may be removed from such appointive position without notice or a hearing. The issue in that case was

whether the Garden City chief of police was an "appointive officer" within the meaning of I.C. § 50-204. This Court stated:

> Since Bunt was not the city clerk, treasurer, or attorney mentioned in I.C. § 50-204, the question is whether Bunt, as the Garden City Chief of Police, was one of the other "such officers" referred to in that section. *If so, Bunt was an appointive officer who could be removed without receiving notice or a hearing*.

*Id*. at 428, 797 P.2d at 136 (emphasis added). The court went on to hold that Bunt was an appointive officer and therefore could be removed from the office without notice or a hearing pursuant to I.C. § 50-206. In the present case, Boudreau was clearly an appointive officer under I.C. § 50-204. Thus, under the applicable statutory scheme and *Bunt*, Boudreau was not entitled to notice or a hearing prior to being removed from the position of city clerk by unanimous vote of the Wendell City Council.

Moreover, in Idaho local governments cannot override statutes enacted by the legislature. See IDAHO CONST. art. XII, § 2; see also *Gibson v. Ada County Sheriff's Dept.*, 139 Idaho 5, 8, 72 P.3d 845, 848 (2003); *Black v. Young*, 122 Idaho 302, 308, 834 P.2d 304, 310 (1992); *Gowey v. Siggelkow*, 85 Idaho 574, 587, 382 P.2d 764, 773 (1963). Thus, once the legislature determined that a municipal appointive officer is at-will and provided for the removal of such an officer without notice or a hearing, the municipality could not alter that status by adopting a Personnel Manual. Accordingly, we hold the district court properly granted summary judgment to the City of Wendell.

## VI.    CONCLUSION

For the reasons stated above, we affirm the district court's decision. Costs to Respondents.


Justices BURDICK, J. JONES and HORTON, and Justice *pro tem* KIDWELL, **CONCUR.**