## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No.  33807

KOOTENAI ELECTRIC COOPERATIVE,
INC., an Idaho corporation d/b/a Cooperative
Marketing Association,

  Plaintiff/Appellant/Cross Respondent,

v.

THE LAMAR CORPORATION; THE
LAMAR COMPANY, L.L.C., a limited
liability company d/b/a the successor in
interest to The Lamar Corporation,

  Defendants/Respondents/Cross-Appellants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Lewiston, April 2009

2009 Opinion No. 119

Filed:  October 2, 2009

Stephen W. Kenyon, Clerk

---

Appeal from the First Judicial District of the State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

The decision of the district court is <u>affirmed.</u>

Floyd & Pflueger, P.S., Seattle, Washington; Hawley Troxell Ennis & Hawley L.L.P., Boise; McDevitt & Miller, L.L.P., Boise, for appellants. Merlyn W. Clark argued.

Quane Smith  L.L.P., Boise; Tucker Ellis & West LLP, Cleveland, Ohio; Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondents.  Irene C. Keyse-Walker argued.

---

J. JONES, Justice

### NATURE OF CASE

Kootenai Electric Cooperative, Inc. (KEC) appeals from the district court's summary judgment dismissal of its claim for repayment from The Lamar Corporation and The Lamar Company, L.L.C. (Lamar) of the amount that KEC paid pursuant to a judgment in a personal injury case.  The judgment was rendered against KEC for injuries that James E. Kuntz suffered when he came into contact with one of KEC's high voltage power lines as he was working on a

1

billboard owned by Lamar.  The district court dismissed KEC's claim under the Idaho High Voltage Act (HVA) on the ground that the claim was barred by the doctrine of res judicata.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Lamar is in the billboard business.  It is incorporated in Florida and has an office in Spokane, Washington.  In May of 1998, Lamar acquired a billboard in Athol, Idaho.  Lamar contracted with the Coeur d'Alene Indian Tribe to put advertising on the Athol billboard, which was located on leased property.

KEC owns and operates the Bayview/Chilco power lines near the Athol billboard. Between February and June of 1998, KEC redesigned and reconstructed the power lines so they were less than ten feet away from the Athol billboard.

Kuntz was a self-employed contractor from 1993 until November of 1998.  In May of 1998, he signed an independent contractor agreement with Lamar to replace advertisements on Lamar's billboards.  In November of 1998, Kuntz was assigned to install advertising on the Athol billboard and to replace metal rods on the board with non-conductive rods.  Before going to the billboard, Kuntz went to the Lamar office in Spokane to obtain the non-conductive rods. The supply was inadequate, so when Kuntz got to the billboard to replace the advertisement, he reused the metal rods already in place.

The HVA requires contractors who will be working in specified proximity to high voltage overhead power lines to notify the public utility owning or operating the lines prior to commencing the work.  Idaho Code section 55-2403(1) (1992) (amended 2000).  Because of the close proximity of the Athol billboard to KEC's lines, notice was required prior to commencing Kuntz' work.  Neither Kuntz nor Lamar provided the required notice to KEC.  Such a violation of the HVA gives rise to potential liability:

> If a violation of the provisions of this chapter results in physical or electrical contact with any high voltage overhead line, the contractor committing the violation shall be liable to the public utility owning or operating the high voltage line for all damages to the facilities and all costs and expenses, including damages to third persons, incurred by the public utility as a result of the contact.

Idaho Code section 55-2404(2) (1992).  If KEC had received notice, it had policies in place to put "cover-ups" on the high voltage lines that would presumably prevent electric shock.

2

When a metal rod Kuntz was inserting into the vinyl sign came into contact with the high voltage power line, which was less than ten feet away from the billboard, Kuntz was severely injured. It is unclear whether the metal rod actually came into physical contact with the high voltage line or whether an electrical arc was formed between the high voltage line and the metal rod. Kuntz suffered severe electric shock and fell forty feet because he was not attached to the billboard. As a result, he lost both arms and almost all of his right thigh muscle.

In 2000, Kuntz filed a lawsuit against Lamar and KEC in the United States District Court for the Eastern District of Washington (Kuntz lawsuit). As an affirmative defense, KEC asserted in its Answer that Kuntz had violated the HVA and that such violation was a proximate cause of his injuries. KEC also cross-claimed against Lamar, seeking an apportionment of fault among the parties. It alleged:

> That in the course of owning, maintaining and contracting the use of [its] sign, defendant Lamar was negligent and in violation of the applicable rules, regulations and statutes governing outdoor advertising signs within specified distances of high powered transmission lines. That [Kuntz'] injuries were caused and/or contributed to by the negligence of Lamar; that liability should be apportioned between the respective parties and that judgment be entered in accordance with the findings of the trier of fact.

Before trial, KEC moved for partial summary judgment. The federal district court held that Idaho law should apply to the facts of the case and that the 1992 version of the HVA applied rather than the amended 2000 version. The court also ruled that Kuntz was a subcontractor; the HVA applied to subcontractors as being among the class of persons required to provide notice under the statute; Kuntz violated the statute by failing to give notice to KEC; and Kuntz was negligent because the lack of notice to KEC was a proximate cause of his injuries. The court granted partial summary judgment to KEC as against both Kuntz and Lamar because they were negligent as a matter of law. Kuntz also moved for partial summary judgment against Lamar on grounds that Lamar violated the Idaho High Voltage Act and such violation constituted negligence per se. The federal district court granted summary judgment to Kuntz on this issue.

The jury rendered a verdict on October 18, 2002, after being directed to enter a judgment against Kuntz and Lamar on the questions of negligence and proximate cause. The nine person jury found that, in addition to negligence, Lamar had engaged in reckless misconduct. The jury also found that KEC was negligent, that such negligence was a proximate cause of the accident, and that KEC engaged in reckless misconduct. The jury apportioned fault in the amount of 12%

3

to Kuntz; 38% to Lamar; and 50% to KEC. The jury awarded $18,306,504 to Kuntz; $1,000,000 to his wife, Jennifer; and $125,000 to each of their five children. Thus, the total amount of damages awarded was $19,931,504. The amount apportioned to KEC was $9,965,752.

After the verdict, KEC filed a post-trial motion, requesting the federal district court to order that KEC was entitled to indemnification by Lamar under the HVA. The court refused to rule on the motion because KEC had not pleaded statutory indemnification in its cross-claim against Lamar. The court noted that it was procedurally inappropriate to amend the pleadings in a post-trial motion. The parties thereafter appealed to the Ninth Circuit, which affirmed the federal district court's findings and determinations in a decision that was issued on September 24, 2004. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177 (9th Cir. 2004).

On December 30, 2002, KEC filed the present lawsuit against Lamar in the First Judicial District of Idaho, claiming indemnification under the HVA. Lamar asserted the following affirmative defenses: failure to state a claim upon which relief may be granted; failure to join an indispensible party; judicial estoppel; collateral estoppel; res judicata; and waiver.

The parties filed cross-motions for summary judgment. On October 22, 2003, the district court granted KEC's Motion for Summary Judgment, holding that Lamar was liable to KEC, pursuant to the HVA, for all costs and expenses incurred by KEC as a result of Kuntz' contact with the high voltage overhead line, including the damage award KEC was required to pay to Kuntz. The court denied Lamar's Counter Motion for Summary Judgment on the basis that genuine issues of material fact remained as to whether KEC's indemnification claim was barred by laches.

Even though the court had not ruled on its affirmative defenses, Lamar requested a Rule 54(b) Certificate. The court granted Lamar's request and the case was appealed to this Court. On October 19, 2005, this Court declined to hear the case, dismissed the appeal, and returned the matter for further proceedings.

Lamar then filed a second Motion for Summary Judgment or, in the Alternative, for Reconsideration. Lamar's motion was based on two principal arguments. First, Lamar argued that the three-year statute of limitations had passed, which Lamar contended began to run either when the contractor failed to give notice under the HVA that work was going to be performed on KEC's power lines or, in the alternative, when KEC first incurred costs and expenses in defending itself in the Kuntz lawsuit. Second, Lamar argued that res judicata barred the action

4

on the theory that when a defendant asserts a cross-claim against a co-party, the cross-claimant becomes an adverse party for res judicata purposes and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim.

On November 15, 2006, the district court filed a Memorandum Opinion and Order In Re: Motion to Dismiss, wherein it held (1) the statute of limitations had not passed because indemnification claims typically do not accrue until judgment has been entered; and (2) KEC's indemnification claim was barred by res judicata. Accordingly, the district court dismissed the entire case.

KEC appeals, requesting this Court to hold that res judicata does not bar its indemnification claim. Lamar cross-appeals, arguing that KEC's claim is subject to Idaho's comparative negligence and contribution statutes, or in the alternative, that KEC's claim is barred by the statute of limitations. Neither party requests attorney fees on appeal.

## STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion. *See C Systems, Inc. v. McGee*, 145 Idaho 559, 561, 181 P.3d 485, 487 (2008). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c). All facts are viewed in the light most favorable to the nonmoving party. *See C Systems*, 145 Idaho at 561, 181 P.3d at 487. This Court exercises free review over the question of whether an action is barred by res judicata. *Id.*

## ANALYSIS

The primary issue in this case is whether the district court properly ruled that res judicata bars KEC's claim against Lamar for recovery under the HVA because the claim could and should have been raised during the Kuntz lawsuit. Because we affirm the district court's decision, we need not address other issues presented in the appeal and cross-appeal.

The Idaho district court ruled that KEC's claim under the HVA was barred by res judicata because it could and should have been raised in the Kuntz lawsuit. Although the parties have variously described the HVA claim as a claim for indemnification, it should be noted that the HVA does not mention indemnity but, rather, provides for a direct statutory claim against a contractor who violates the provisions of the HVA. Such a claim, where fault or lack thereof

5

plays no part, is not properly characterized as a claim for indemnification.[1] The claim will hereinafter be characterized as the HVA claim. The court reasoned that KEC's claim under the HVA should have been raised in the first action because once KEC asserted its cross-claim for apportionment, it was "required to assert all claims against the cross-defendant [Lamar] arising from the subject matter of the original cross-claim." KEC appeals the court's ruling, arguing that its present claim against Lamar is not barred by res judicata because it never raised the HVA claim in the Kuntz lawsuit. Moreover, KEC contends that although it *could have* filed a permissive cross-claim at the same time it asserted its cross-claim for apportionment, it was not *required* to do so because there is no authority that converts a permissive cross-claim into a mandatory counterclaim.

Lamar argued below and on appeal that KEC's HVA claim is barred by both issue preclusion (collateral estoppel) and claim preclusion (true res judicata). Issue preclusion protects litigants from relitigating an identical issue with the same party or its privy. *Ticor Title v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007). Five factors are required to bar relitigation of an issue determined in a prior proceeding: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the present action; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Ticor Title*, 144 Idaho at 124, 157 P.3d at 618 (citing *Rodriguez v. Dept. of Corr.*, 136 Idaho 90, 93, 29 P.3d 401, 404 (2001)). Claim preclusion bars a subsequent action between the same parties upon the same claim or upon claims "relating to the same cause of action . . . which might have been made." *Ticor Title*, 144 Idaho at 123, 157 P.3d at 617 (quoting *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002)). There are three requirements for claim preclusion to bar a subsequent action: (1) same parties, (2) same claim, and (3) final judgment. *Ticor Title*, 144 Idaho at 124, 157 P.3d at 618. Additionally, this Court has interpreted claim preclusion to hinge on whether

---

[1] *See May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 321, 543 P.2d 1159, 1161 (1975) ("The common law right of indemnity . . . refers to those situations where a person who without fault on his part is compelled to pay damages occasioned by the negligence of another.").

the matter "might and should have been litigated in the first suit." *Id.* at 126, 157 P.3d at 620.[2] The burden of proof for res judicata is on the party asserting the affirmative defense and it must prove all of the essential elements by a preponderance of the evidence. *Id*. at 122, 157 P.3d at 616. Accordingly, Lamar shouldered the burden of proving each element of res judicata in its motion for summary judgment and KEC was entitled to have all facts viewed in the light most favorable to it. *See C Systems*, 145 Idaho at 561, 181 P.3d at 487.

KEC's primary argument is that indemnification is a permissive cross-claim under Idaho R. Civ. P. 13(g) and that res judicata cannot apply to such a claim. The district court recognized an inherent tension between the doctrine of res judicata and Idaho R. Civ. P. 13(g), noting that Idaho courts have not yet addressed the application of the doctrine of res judicata to permissive cross-claims. Idaho R. Civ. P. 13(g) states:

> A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject-matter either of the original action or of a counterclaim therein or relating to any property that is the subject-matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

KEC filed its cross-claim against Lamar in the Kuntz lawsuit on February 23, 2001. The cross-claim did not specifically mention the HVA, alleging instead that Lamar was "negligent and in violation of the applicable rules, regulations, and statutes governing outdoor advertising signs within specified distances of high powered transmission lines." KEC sought an apportionment of "liability" and "fault." During the course of the litigation, KEC fleshed out its claims against Lamar, specifically asserting a claim under the HVA and alleging violations of regulations implemented by the federal Occupational Safety and Health Administration (OSHA), including 29 C.F.R. 1910.333, which KEC alleged Lamar violated by virtue of its violation of the HVA. KEC moved for summary judgment against Lamar on the HVA and 29 C.F.R. 1910.333 claims.

> During the summary judgment hearing, KEC's attorney told the federal district judge:

> The position that we take, Your Honor, is that the cause of action for indemnification did not accrue until there had been damage under that particular section of the High Voltage Act. Now, the High Voltage Act was definitely pled, per se. In fact, it was the subject of a number of rulings that this Court has

---

[2] Since we conclude that res judicata is the doctrine appropriate to this case, we do not analyze Lamar's collateral estoppel defense.

already made—that the only element that was not present was the number, the amount of the damage, per se.

KEC's counsel argued further:

I believe that this is pure interpretation of statute, and it would have been a question for the Court both in terms of the threshold question of does [the HVA] say what it means and, secondly, does it provide for 100-percent indemnification, which is the majority rule, or a lesser amount, taking into consideration comparative negligence, et cetera.

It certainly appears that KEC thought it was litigating the HVA claim.

The federal judge in the Kuntz lawsuit apparently also believed that KEC was pursuing a claim against Lamar under the HVA. In its summary judgment order, the court noted "KEC provided evidence that Defendant Lamar was required to provide notice under the High Voltage Act as a contractor qualified to do business in Idaho, and was negligent as a matter of law for its failure to do so." The judge granted summary judgment in favor of KEC, finding that Lamar was negligent as a matter of law by virtue of its statutory violation of the HVA. However, the judge declined to grant KEC summary judgment on the OSHA claim.

For some inexplicable reason, KEC, although asserting, seeking and obtaining a favorable ruling on its HVA claim, did not seek the relief available under Idaho Code section 55-2404(2) for a violation of the HVA, i.e. "all damages to the [public utility's] facilities and all costs and expenses, including damages to third persons, incurred by the public utility as a result of the contact." It seems like that would have been like shooting fish in a barrel. KEC did not include a request for a damage ruling in its summary judgment motion, nor did it request a jury instruction or verdict form for recovery of damages against Lamar. Rather, KEC continued to pursue what it had requested in its cross-claim against Lamar—an apportionment of fault and damages. The special verdict form instructed the jury that Lamar was negligent and that its negligence was a proximate cause of the accident. The jury picked up from there, finding that both Lamar and KEC had engaged in reckless misconduct and apportioning 38% of the negligence to Lamar and 50% to KEC. It was only after the jury verdict that KEC asserted an "indemnity" claim, seeking to hold Lamar responsible for its 50% allocation of the damages. That effort was by way of a motion to alter or amend the judgment whereby it sought to require Lamar to fully indemnify it. The federal judge declined KEC's request, noting that KEC had not sought "indemnification" and could not assert such a claim after the fact. In its brief before this

8

Court, KEC indicates the federal judge "encouraged KEC to file a new lawsuit in Idaho state court." Actually, the court indicated to Lamar's counsel that "maybe you'll see [KEC's counsel] in Idaho." Regardless of what the federal judge stated at that point, it is not binding upon the courts of Idaho.

Based upon these facts, the district court concluded that the present action was barred by the application of the doctrine of res judicata. With regard to the question as to whether KEC could be excused, based on the fact that its cross-claim was a permissive one, the court stated:

> The bringing of cross-claims is permissive; a party is not required to bring a cross-claim against a co-party. However, when a defendant asserts a cross-claim against a co-party, they become adverse as to that claim and the principles of *res judicata* apply. The cross-claimant becomes a plaintiff for *res judicata* purposes and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim. *Getty Oil Co. v. Ins. Co. of North America*, 845 S.W.2d 794 (Tex. 1993). *See also Continental Divide Ins. Co. v. Western Skies Management, Inc.,* 107 P.3d 1145 (Colo. App. 2004); *Fowler v. Vineyard*, 405 S.E.2d 678 (Ga. 1991); *Charter Oak Fire Insurance Co. v. Sumitomo Marine and Fire Insurance Co.,* 750 F.2d 267 (3rd Cir. 1984).

The district court correctly analyzed the interplay between Idaho R. Civ. P. 13(g) and the doctrine of res judicata. A party need not bring a cross-claim that is permissive in nature but when the party brings and pursues such a claim to a conclusion, res judicata applies.

The court then continued its analysis:

> To determine if subsequent claims relate to the same cause of action so that a claim might or should have been made, attention is directed to whether or not the claims arose out of the same transaction. In the previous case, KEC alleged in its cross-claim that Lamar had negligently violated statutes governing signs near high powered transmission lines. In effect, KEC alleged that Lamar had violated the Idaho HVA. Although KEC failed to state a claim for statutory indemnification, KEC sought to have the relative liability established by requesting that it be apportioned between the respective parties. During the course of the litigation in the previous case, KEC obtained Summary Judgment on Lamar's status as a contractor and Lamar's failure to comply with notice requirements under the Idaho HVA. The claim for indemnification in this case arose out of the same transaction as the one in the prior case—the same failure by Lamar, as a contractor, to comply with the Idaho HVA notice requirements and resulting damages to Kuntz, who was a third party. Therefore, the claim for indemnification in this case was one which might have been made and should have been made in the previous case in federal district court.
>
> KEC could have brought the indemnification action separately. However, once the question of the applicability of the Idaho HVA and the respective liability of

9

the parties was raised and litigated between KEC and Lamar, any claims arising out of the transaction and the Idaho HVA "might and should have been made." They had to be brought in the prior case.

The district court's analysis is correct.[3] KEC had Lamar on the ropes in the Kuntz lawsuit and, either concurrent with its summary judgment motion or following entry of summary judgment, needed only to request the remedy available under the HVA. Rather than doing so, it pursued to a conclusion its request for an apportionment of the damages. When it received the unfavorable result at the hands of the jury, KEC decided to seek more favorable relief in a different court. In essence, it sought to split its cause of action so as to obtain a further bite at the apple. A primary purpose of the res judicata doctrine is to prevent just such an occurrence. *See Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.2d 803, 805 (2002); *Wing v. Hulet*, 106 Idaho 912, 916, 684 P.2d 314, 318 (Ct. App. 1984) ("the rule against splitting a claim applies even though the remedies or form of relief demanded in one suit are different from those demanded in another.") The district court's ruling properly carried out such purpose in its summary judgment order and we therefore affirm.

## CONCLUSION

The order of the district court dismissing KEC's claim on summary judgment is affirmed. Costs on appeal are awarded to Lamar.

Justices BURDICK and HORTON CONCUR.


W. Jones, J. dissenting.

I respectfully dissent because, in my opinion, *res judicata* does not bar KEC's cause of action. The Court held that, under I.R.C.P. 13(g), a party need not bring a cross-claim that is permissive in nature; however, when a defendant asserts a cross-claim against a party, the cross-claimant becomes a plaintiff for *res judicata* purposes, and is required to assert all claims against the cross-defendant that arose from the subject matter of the initial cross-claim. I respectfully disagree with the majority's interpretation of the interplay between Idaho R. Civ. P. 13(g) and *res judicata*. In my opinion, KEC's cross-claim for apportionment of fault in the Kuntz suit did not require KEC to assert all claims it had against Lamar, including indemnification, arising from the subject matter of the original cross-claim.

---

[3] Although, as mentioned above, KEC's claim is not properly characterized as an indemnification claim.

The plain language of I.R.C.P. 13(g), which uses the word "may," indicates that the pleading of a cross-claim for indemnification is permissive. In contrast, I.R.C.P. 13(a) is mandatory: "A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party." (Emphasis added). In this case, if KEC had filed a claim for indemnification in the Kuntz lawsuit, it would have been characterized as a cross-claim under I.R.C.P. 13(g), rather than a counterclaim under I.R.C.P. 13(a), because KEC and Lamar were both defendants in the Kuntz lawsuit. Lamar had not sued KEC, so any claim by KEC against Lamar was not an I.R.C.P. 13(a) compulsory counterclaim. Lamar has failed to point to any authority that would authorize this Court to hold that I.R.C.P. 13(g) cross-claims are rendered compulsory merely by a party requesting the court to apportion fault.

The Court argues that the Idaho district court was correct in holding that KEC was required to assert all cross-claims once it requested apportionment. Yet, the only relevant case presented by Lamar is *Puckett v. City of Emmett*, 113 Idaho 639, 641, 747 P.2d 48, 50 (1987), which is clearly distinguishable from the present case. In *Puckett*, citizens filed suit for wrongful arrest against a police officer (Puckett) and the city. The citizens settled out of the suit, leaving only Puckett's cross-claim against the city for a 42 U.S.C. § 1983 action based on Puckett's alleged wrongful discharge. In that case, this Court stated: "Once the [citizens] settled their action with the city . . . Puckett's position evolved into one more similar to that of a plaintiff than a cross-claiming co-defendant." *Id*. at 641, n.2, 747 P.2d at 50. This Court in that case properly characterized Puckett as a plaintiff because he was litigating the same issues on the merits that he had raised in his cross-claim and he was no longer a co-party with the city. KEC's position is distinguishable because KEC is not currently relitigating the merits of the fault allocated in the Kuntz lawsuit; rather, KEC is litigating a separate cause of action based on its statutory right to indemnification from Lamar under the HVA. KEC was not required to raise its indemnity claim in the Kuntz lawsuit since it was clearly a permissive cross-claim under I.R.C.P. 13(g) and the cross-claim against Lamar for apportionment of liability does not change that fact.[4] Accordingly, in my opinion, KEC's failure to assert its indemnification claim in the Kuntz lawsuit does not bar the action by *res judicata.*

---

[4] It is curious why a cross-claim was filed to apportion liability since typically apportionment of liability among tortfeasors is simply a matter of requesting a jury instruction and special verdict form providing for it.

11

The Court correctly lays out the elements pertaining to issue preclusion (collateral estoppel) and claim preclusion (*res judicata*). When analyzed under the elements, KEC's indemnification claim is not precluded. The common elements of issue preclusion and claim preclusion as applied in this case are whether the issue or claim sought to be precluded was previously litigated and whether a final judgment on such issue or claim was previously entered. Additionally, this Court has interpreted claim preclusion to hinge on whether the matter "might and should have been litigated in the first suit." *Ticor Title*, 144 Idaho at 126, 157 P.3d at 620.

Neither issue preclusion nor claim preclusion preclude KEC's claim for indemnification under the HVA because KEC never pleaded that claim in the Kuntz lawsuit. In response to KEC's post-trial motion for indemnification under the HVA, the federal district judge in the Kuntz lawsuit, stated: "[H]aving not pled [indemnity under the HVA], it's not before me unless I find somehow we can amend the pleadings in a post-trial context; and I don't believe we can." Although KEC mentioned that Lamar and Kuntz violated the HVA in its Answer in the Kuntz lawsuit, KEC never specifically claimed indemnification or requested damages under the HVA. Moreover, KEC's cross-claim for apportionment of liability was clearly not a claim for indemnification. Thus, KEC's claim for indemnity was never litigated or ruled on by the court and was not a claim that should have been litigated because it was clearly a permissive cross-claim under I.R.C.P. 13(g). Accordingly, in my opinion, KEC's claim for indemnification is not barred by *res judicata*.

Chief Justice EISMANN CONCURS**.**