## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 44970/45069

SHARON KAY SMITH nka BERGMANN, )
                                                 )        **Boise, May 2018 Term**

     **Plaintiff-Respondent,** )

v. )        **Filed: June 12, 2018**

                                                 )

VERNON K. SMITH, )        **Karel A. Lehrman, Clerk**

                                                 )

     **Defendant-Appellant.** )

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge.

District court decision renewing judgments, <u>affirmed.</u>

Law Office of Vernon K. Smith, Boise, for appellant. Vernon K. Smith argued.

Swafford Law, PC, Idaho Falls, for respondent. Larren K. Covert argued.

---

BURDICK, Chief Justice.

This consolidated appeal arises out of Ada County and involves the validity of two judgments and their subsequent renewals obtained by Sharon Smith, nka Sharon Bergmann (Sharon) against Vernon Kenneth Smith (Vernon). The judgments have remained unsatisfied, and Sharon has been granted renewals of the judgments every five years as required by the applicable statute.[1] In 2014, Sharon sought to collect on the judgments, and Vernon subsequently challenged the validity of the judgments and their renewals. The magistrate court determined the judgments were valid and any claims of improper renewal were barred by *res judicata*. Vernon appealed to the district court, which dismissed the appeal for lack of jurisdiction and *res judicata*. In November 2016, while Vernon's initial appeal was pending, a magistrate judge once again renewed one judgment for an additional five years. Vernon appealed this renewal, which

---

[1] Idaho Code section 10-1111 was amended in 2016 to extend the renewal of a judgment lien to ten years, as opposed to five years, as was in place at the time the judgments were entered in this case. S.B. 1362, S.L. 2016, ch. 269, § 1. The ten-year renewal time applies only to judgments issued on and after July 1, 2015. *Id.* Thus, the judgments in this case continue to be subject to a five-year renewal period.

1

the district court again dismissed citing *res judicata*. Vernon appealed the district court's decisions and this Court consolidated both appeals. For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Sharon and Vernon were divorced on February 11, 1991. On the same day, a magistrate judge entered a judgment awarding money and property to Sharon in the amount of $202,526.13 (1991 judgment). To secure payment of the judgment, Sharon was granted a lien on all of the community property awarded to Vernon. The judgment was later amended on February 28, 1994, to exclude Sharon's attorney fees as a community debt, and subsequently was reduced to $194,936.13.

In 1996, Sharon filed a motion to renew the 1991 judgment, as it had not yet been satisfied. Vernon objected to the renewal, stating that no valid lien was created by the judgment because he had no real property for a lien to attach to, and thus without a valid lien the judgment could not be renewed. Justice McDevitt, sitting as a district judge pro tem, stated there was no requirement that the judgment be attached to some real property; rather, the statute only required the judgment be unsatisfied to be renewed. Because there was no dispute that the judgment was unsatisfied, Sharon's motion for renewal of the 1991 judgment was granted on November 5, 1996. Vernon appealed the renewal, and the Idaho Court of Appeals affirmed the renewal of the judgment. *Smith v. Smith*, 131 Idaho 800, 803, 964 P.2d 667, 670 (Ct. App. 1998). The judgment was subsequently renewed in 2001, 2006, and 2011. Vernon did not challenge any subsequent renewal.

In January 1999, Sharon obtained a judgment against Vernon for child support and spousal maintenance (1999 judgment). The amount of the judgment was $25,280.16 for child support and $9,490.00 for spousal maintenance. This judgment was renewed in 2004, 2009, and 2014. Vernon did not appeal the 1999 judgment or any of the subsequent renewals.

In May 2015, following the death of Vernon's mother, Sharon moved the court to appoint a receiver for a limited liability company solely owned by Vernon, to issue a temporary restraining order, and to issue a writ of execution. Sharon alleged Vernon had inherited the entirety of his mother's estate, and had transferred the inheritance to VHS Properties, LLC, of which Vernon was the sole member. Sharon alleged no payments had been made on the judgments and the total amount now owing with interest was $866,285.20 on the 1991 judgment and $93,940.16 on the 1999 judgment, as of March 20, 2015. In September 2015, Vernon

2

objected and filed a petition for declaratory judgment to confirm the judgments void and unenforceable. Vernon subsequently moved for summary judgment on his motion for declaratory judgment. In February 2016, the magistrate court denied Vernon's motion for summary judgment, finding the judgments and renewals were valid, and claims of improper renewal were barred by *res judicata*.

Vernon appealed the magistrate court's decision regarding the validity of the judgments to the district court. The district court dismissed Vernon's appeal. With regard to the 1991 judgment, the district court determined that because Vernon appealed the 1996 renewal, any issues he sought to raise which could have been asserted in that appeal were barred by *res judicata*. Additionally, the district court determined, the time for appealing the 1994 amendment and the renewals of the 1991 judgment had expired, and thus the court could not consider Vernon's assertions that the renewals were invalid. With regard to the 1999 judgment, the district court concluded that Vernon's failure to timely appeal the 1999 judgment or any of its renewals deprived the court of jurisdiction to consider his present appeal.

While the initial appeal to the district court was pending, Vernon filed another notice of appeal challenging the most recent renewal of the 1991 judgment, which was granted by the magistrate court on November 17, 2016. The district court stated that the issues raised by Vernon in the second appeal either were identical to issues in the previous appeal, or could have been asserted in the previous appeal, and thus the appeal was dismissed. Vernon timely appealed to this Court. Both cases were consolidated for appeal and oral argument.

## II. ISSUES ON APPEAL

1. Did the district court properly determine that the issues raised by Vernon on appeal regarding the 1991 judgment were barred by *res judicata*?

2. Did the district court properly determine that Vernon's failure to timely appeal the 1999 judgment renewals deprived the court of jurisdiction to consider the validity of the renewals?

3. Is Sharon entitled to attorney fees on appeal?

## III. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If

3

> those findings are so supported and the conclusions follow
> therefrom and if the district court affirmed the magistrate's
> decision, we affirm the district court's decision as a matter of
> procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). Thus, this Court does not review the decision of the magistrate court. *Id.* "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.' " *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 n. 1 (2009)).

*State v. Doe*, 156 Idaho 243, 244–45, 322 P.3d 976, 977–78 (2014).

## IV.    ANALYSIS

**A.    Vernon's claims on appeal as to the 1991 judgment are barred by *res judicata*.**

Vernon argues that because Sharon did not record a judgment following the 1996 order renewing the 1991 judgment, the judgment lapsed, is void, and all subsequent renewals are void. The district court dismissed Vernon's appeal, determining Vernon's claims were barred by *res judicata*. In 2016, while Vernon's initial appeal was pending in the district court, the magistrate court again renewed the 1991 judgment, which Vernon subsequently appealed. The district court dismissed the subsequent appeal based on *res judicata* and law of the case principles. For the reasons discussed below, Vernon's present appeal of the 1991 judgment renewals is barred by *res judicata*.

The statutes relative to this case are Idaho Code sections 10-1110 and 10-1111.[2] Idaho Code section 10-1110 governs the manner of filing judgments and provides in pertinent part that,

> [a] transcript or abstract of any judgment or decree of any court of this
> state or any court of the United States the enforcement of which has not been
> stayed as provided by law, if rendered within this state, certified by the clerk
> having custody thereof, may be recorded with the recorder of any county of this
> state, who shall immediately record and docket the same as by law provided, and
> from the time of such recording, and not before, the judgment so recorded
> becomes a lien upon all real property of the judgment debtor in the county, not
> exempt from execution, owned by him at the time or acquired afterwards at any
> time prior to the expiration of the lien . . . . The lien continues five (5) years from
> the date of the judgment, unless the judgment be previously satisfied, or unless

---

[2] Idaho Code section 10-1111 was amended during the 2018 legislative session. S.B. 1225, S.L. 2018, ch. 284, § 1. The amended language changes "renewed judgment" to read "order renewing judgment." *Id.* The amended statute also contains a provision explaining that an order renewing a judgment maintains the "date of the original judgment and the priority collection thereof." *Id.* The statute as amended becomes effective on July 1, 2018, and there is no retroactivity provision. *Id.* Thus, the statute as amended is not applicable in the instant case. *See Guzman v. Piercy*, 155 Idaho 928, 938, 318 P.3d 918, 928 (2014) ("[A] statute should be applied retroactively only if the legislature has clearly expressed that intent or such intent is clearly implied by the language of the statute." (quoting *Kent v. Idaho Pub. Utils. Comm'n*, 93 Idaho 618, 621, 469 P.2d 745, 748 (1970))).

the enforcement of the judgment be stayed upon an appeal as provided by law. . . .[3]

Idaho Code section 10-1111(1) governs the renewal of judgments and provides that,

> [u]nless the judgment has been satisfied, at any time prior to the expiration of the lien created by section 10-1110, Idaho Code, or any renewal thereof, the court that entered the judgment, other than a judgment for child support, may, upon motion, renew such judgment. The renewed judgment may be recorded in the same manner as the original judgment, and the lien established thereby shall continue for five (5) years from the date of the renewed judgment.[4]

Whether *res judicata* applies is a question of law over which this Court exercises free review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007). *Res judicata* consists of claim and issue preclusion. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002).

> Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims 'relating to the same cause of action.' " Under this doctrine, a claim is also precluded if it could have been brought in the previous action, regardless of whether it was actually brought, where: (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action.

*Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81, 278 P.3d 943, 951 (2012) (citations omitted). As we have stated,

> *[r]es judicata* serves three fundamental purposes: (1) it preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results; (2) it serves the public interest in protecting the courts against the burdens of repetitious litigation; and (3) it advances the private interest in repose from the harassment of repetitive claims.

*Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617.

As noted, *res judicata*, also known as claim preclusion, has three requirements: same parties; same claim; and a final judgment. *Id.* at 124, 157 P.3d at 618. Here, there is no dispute that Vernon and Sharon are the same parties as in the 1996 appeal of the judgment renewal order.

---

[3] Idaho Code Section 10-1110 was amended in 2015 to extend judgment liens to ten years, as opposed to the previous provision for five years. S.B. 1069, S.L. 2015, ch. 278, § 4. The ten year lien time applies only to judgments issued on and after July 1, 2015. *Id.* Thus, the judgments in this case continue to be subject to a five-year renewal period.

[4] Idaho Code section 10-1111 was amended in 2016 to change the five-year period to a ten-year period. S.B. 1362, S.L. 2016, ch. 269, § 1. As stated above, the judgments in this case continue to be subject to a five-year renewal period.

Moreover, Vernon makes no argument that the 1996 appeal resulted in anything other than a final judgment, as the Court of Appeals issued its decision on May 12, 1998. *Smith*, 131 Idaho at 800, 964 P.2d at 667. When Vernon did not appeal that decision within forty-two days, by operation of law, the judgment became final. *See State v. Young*, 162 Idaho 856, 859, 406 P.3d 868, 871 (2017). Thus, the only issue is whether or not the "same claim" element of *res judicata* is satisfied.

As to whether or not the present appeal presents the "same claim" as the previous appeal, "[c]laim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to 'every matter which might and should have been litigated in the first suit.' " *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993)). Thus, "a valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Kolouch*, 123 Idaho at 437, 849 P.2d at 110 (quoting *Diamond v. Farmers Grp., Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990)). Additionally, this Court has stated, "that the 'transactional concept of a claim is broad' and that claim preclusion 'may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories.' " *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Kolouch*, 123 Idaho at 437, 849 P.2d at 110).

In this case, as noted, Vernon previously appealed the 1996 order renewing the 1991 judgment, challenging its validity in *Smith*, 131 Idaho at 801, 964 P.2d at 668. Specifically, Vernon argued that a judgment could not be renewed if it "never 'attained lien status' " which the 1991 judgment had not as Vernon never had property for a lien to attach to. *Id.* The Idaho Court of Appeals disagreed with Vernon and affirmed the renewal of the judgment. *Id.* at 803, 964 P.2d at 670. Vernon did not challenge that decision or any of the subsequent renewals of judgment that occurred in 2001, 2006, and 2011. Thus, Vernon is now precluded from asserting anything which "might and should have been litigated in the first suit." *Kootenai Elec. Co-op., Inc. v. Lamar Corp.*, 148 Idaho 116, 120, 219 P.3d 440, 444 (2009) (quoting *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620).

In his present appeal, Vernon argues the renewals of the 1991 judgment are invalid for two main reasons. First, he argues that Idaho Code sections 10-1110 and 10-1111 require the judgment to create an attached lien to be renewable. Any claim asserting that the judgment

6

renewals are invalid because a lien had not attached to Vernon's property was the exact issue litigated and decided in his prior appeal, and is barred by *res judicata.*

Second, Vernon argues that because Sharon did not record a form of judgment following the 1996 renewal order, all subsequent renewals were void. This argument is also precluded by *res judicata.* As an initial matter, this claim arises out of the same transaction as the original appeal—both directly relate to the validity of the renewals of the 1991 judgment. *See Berkshire Invs., LLC*, 153 Idaho at 82–83, 278 P.3d at 952–53 (stating, "such claims are barred by *res judicata* whether actually raised in the prior litigation or not."). *Res judicata* applies not only to "matters offered and received to defeat the claim, but also as to 'every matter which might and should have been litigated in the first suit.' " *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Kolouch*, 123 Idaho at 437, 849 P.2d at 110). Thus, when a decision was rendered in Vernon's previous appeal and he did not appeal said decision it "extinguishe[d] all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Kolouch*, 123 Idaho at 437, 849 P.2d at 110 (quoting *Diamond*, 119 Idaho at 150, 804 P.2d at 323).

Here, Vernon has offered no reason why this argument could not have been asserted in his prior appeal, except to argue that it was not ripe for adjudication in the prior appeal. Vernon contends Sharon had five years following the 1996 renewal order to record a judgment. Thus, Vernon contends, this issue was not ripe until 2001. This argument is unavailing. As an initial matter, there is no requirement that a judgment be recorded at all, as the statute provides that a "judgment or decree . . . *may* be recorded[.]" I.C. § 10-1110 (emphasis added). The statute does not mandate recording for a judgment to be valid. *Id.*; *Walborn v. Walborn*, 120 Idaho 494, 500–01, 817 P.2d 160, 166–67 (1991) ("Our cases have held that the use of the word 'may' rather than the word 'shall' denotes discretion."). Moreover, while judgments must be renewed every five years, there is no five-year wait time for filing a judgment as Vernon asserts. I.C. §§ 10-1110, 10-1111. Thus, Vernon's claim that this issue was not ripe for adjudication because Sharon had five years to file a judgment is unavailing. This issue could have been raised in the previous appeal. Thus, this collateral attack on the prior appeal is barred by *res judicata. See Berkshire Invs., LLC*, 153 Idaho at 81, 278 P.3d at 951. Moreover, even if the issue did not become ripe until 2001, Vernon did not challenge it until 2014, and therefore his claim was not timely. Accordingly, we affirm the district court's dismissal of Vernon's appeal of the 1991 judgment.

**B.** **This Court lacks jurisdiction to consider Vernon's appeal of the 1999 judgment renewals, as Vernon did not timely appeal any renewal of the 1999 judgment.**

The district court determined that Vernon's appeal of the 1999 judgment and its subsequent renewals was untimely and that it lacked jurisdiction to consider the appeal. Vernon provides no argument that his appeals were timely; rather, he insists the 1999 judgment was non-renewable as a matter of law. We affirm the district court's dismissal of Vernon's appeal, because Vernon's failure to timely appeal any judgment renewal leaves this Court without jurisdiction to consider this appeal.

Idaho Appellate Rule 14(a) provides the time frame for filing an appeal and states,

> Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action.

Rule 21 provides, "[t]he failure to physically file a notice of appeal . . . within the time limits prescribed by these rules, shall be jurisdictional and shall cause automatic dismissal of such appeal or petition, upon the motion of any party, or upon the initiative of the Supreme Court." Thus, "[t]his Court is unable to review an appeal that is untimely." *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 59, 205 P.3d 1192, 1195 (2009). This Court, in determining a district court correctly concluded it did not have jurisdiction over an appeal filed more than forty-two days after a judgment, stated "[t]he failure to timely file an appeal is jurisdictional and the appeal must be automatically dismissed, either upon motion of a party or *sua sponte* action by the district court." *Vierstra v. Vierstra*, 153 Idaho 873, 877, 292 P.3d 264, 268 (2012).

Here, Vernon contends that the 1999 judgment is void and its renewals invalid because the statute in place at the time the judgment was entered did not allow for the renewal of child support judgments. Indeed, in 1999, Idaho Code section 10-1111 did not allow for the renewal of child support judgments. However, in 2011, the Idaho Legislature passed Senate Bill 1103 which amended Idaho Code sections 5-245, 10-1110, 10-1111 and allowed, among other things, that child support judgments be renewable. S.B. 1103, S.L. 2011, ch. 104, §§ 1–3 as amended by S.B. 1193, S.L. 2011, ch. 331, §§ 1, 5. The amendment passed in Senate Bill 1103 applies retroactively to July 1, 1995. *Id.* Thus, the 1999 judgment against Vernon was renewable and was validly renewed in 2004, 2009, and 2014. Vernon could have appealed those orders of

renewal for forty-two days after the renewal order was issued; however, Vernon did not do so. It is now nearly four years since the last renewal order was entered, far past the allowable time for filing an appeal. I.A.R. 14(a); *Harrison v. Certain Underwriters at Lloyd's, London*, 149 Idaho 201, 204, 233 P.3d 132, 135 (2010) (stating that an appeal filed forty-five days after a final order was untimely). Vernon's failure to timely appeal any renewal order leaves this Court without jurisdiction to hear his present appeal. *See Wheeler v. McIntyre*, 100 Idaho 286, 290, 596 P.2d 798, 802 (1979) ("Under I.A.R. 21, the failure to file the notice of appeal . . . 'shall cause automatic dismissal of such appeal . . . upon the motion of any party, or upon the initiative of the Supreme Court.' "). Accordingly, we affirm the district court's dismissal of Vernon's appeal.

## C.    Sharon is entitled to attorney fees on appeal under Idaho Code section 12-121.

Sharon has requested attorney fees and costs on appeal pursuant to Idaho Appellate Rules 40, 41, and Idaho Code section 12-121. Sharon argues Vernon's suit is frivolous, as the issues on appeal can be summarily dismissed for *res judicata* and the failure to timely appeal, and because Vernon does not properly appeal or provide cogent argument to support his issues on appeal. For the reasons discussed below, Vernon's appeal was frivolous, and we award Sharon attorney fees and costs on appeal.

Idaho Code section 12-121 provides, "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Snider v. Arnold*, 153 Idaho 641, 645–46, 289 P.3d 43, 47–48 (2012). Conversely, fees generally are not awarded if a party presents good faith arguments on appeal. *Id.* at 646, 289 P.3d at 48. We have previously awarded attorney fees under section 12-121 when an appellant's claim was clearly barred by *res judicata* and the appellant failed to provide reasonable argument otherwise. *C Sys., Inc. v. McGee*, 145 Idaho 559, 563, 181 P.3d 485, 489 (2008).

Here, Sharon is the prevailing party on appeal, and she is entitled to an award of attorney fees under section 12-121. Vernon has failed to show that the district court incorrectly applied well-established law. Specifically, Vernon has not provided cogent argument as to why his claims as to the 1991 judgment and its renewals are not clearly barred by *res judicata*. Moreover,

9

as to the 1999 judgment, Vernon failed to file a timely appeal, consequently depriving this Court of jurisdiction to hear his present appeal. Vernon has failed to provide any cogent argument to the contrary. Accordingly, Vernon's appeal was frivolous, unreasonable, and without foundation, and as such, Sharon is awarded attorney fees and costs on appeal.

## V. CONCLUSION

We affirm the district court's dismissal of Vernon's appeals, as they are barred by *res judicata* and because Vernon's failure to timely appeal deprives this Court of jurisdiction to now hear his appeal. Sharon is awarded attorney fees and costs on appeal.

Justices HORTON, BRODY, BEVAN and HUSKEY pro tem, **CONCUR.**