# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45338

| | | |
|---|---|---|
| **DARIN BERGEMAN,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Blackfoot, September 2018 Term** |
| | ) | |
| v. | ) | **Opinion filed: December 20, 2018** |
| | ) | |
| **SELECT PORTFOLIO SERVICING and MOHAMED ELABED,** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **Defendants-Respondents,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **WMC MORTGAGE CORPORATION, U.S. BANK NATIONAL ASSOCIATION, ALLIANCE TITLE COMPANY, SILVERCREEK REALTY GROUP, and JOHN DOES 1-6,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, Hon. Bruce L. Pickett, District Judge.

The judgment of the district court is <u>affirmed</u>.

Robert K. Beck & Associates, PC, Idaho Falls, for Appellant. Robert K. Beck argued.

Stoel Rives, LLP, Boise, for Respondent Select Portfolio Servicing. William C. Pooser argued.

Maynes Taggart, PLLC, Idaho Falls, for Respondent Mohamed Elabed. Steven L. Taggart argued.

---

HORTON, Justice.

Darin Bergeman appeals the district court's dismissal of his action against Select Portfolio Servicing, Inc. (Select) and Mohamed Elabed. Bergeman also appeals the district

1

court's decision denying his motion to consolidate this case with an eviction case relating to the same property.[1] We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the disposition of a home and acreage owned by Bergeman's mother, Karen Hansen. In 1998, Ms. Hansen obtained a loan on the property that was secured by a deed of trust. The loan and deed of trust were eventually assigned to U.S. Bank National Association with Select as the servicer for the loan. After Ms. Hansen died in 2006, Bergeman took possession of the property. Mortgage statements continued to be sent to the estate of Ms. Hansen and Bergeman made payments that were accepted and credited to the loan. However, Bergeman did not personally assume liability on the note. In March 2012, the executor of Ms. Hansen's estate issued Bergeman an executor's deed for the property.

Around July 2015, apparently as a result of Bergeman's incarceration, he stopped making payments on the loan. In September 2016, a Notice of Default was recorded in Bonneville County. Although he alleges that he either made payments or made arrangements for others to make payments on the loan, Bergeman admits that the loan was in default. The Notice of Default was followed in October 2016 by a Trustee's Notice of Sale that announced the foreclosure sale of the property. Notices of this sale were mailed to Ms. Hansen's estate, the executor, Bergeman, and the current occupants of the property. During this same time, Select continued to send monthly mortgage statements to the estate. The February 2017 statement reflects that a balance of $17,932.87 was due to bring the loan payments current. At the foreclosure sale on February 23, 2017, Mohamed Elabed purchased the property.

Bergeman filed this action in March 2017 against Select, Elabed, and other defendants alleging misrepresentation, negligent supervision, trespass, intentional infliction of emotional distress, and negligent infliction of emotional distress. Select and Elabed filed motions to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6). The district court granted Select and Elabed's motions and denied Bergeman's motion to consolidate the action with a pending eviction case. Bergeman timely appealed to this Court.

---

[1] Bergeman did not explicitly identify the motion to consolidate as an issue in his notice of appeal. However, Idaho Appellate Rule 17(f) does not "prevent the appellant from asserting other issues on appeal."

## II.    STANDARD OF REVIEW

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Savage v. Scandit Inc.*, 163 Idaho 637, 640, 417 P.3d 234, 237 (2018) (quoting *Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017)).

A decision to grant or deny a motion to consolidate pursuant to Idaho Rule of Civil Procedure 42(a) is reviewed by this Court for an abuse of discretion. *Jones v. Jones*, 117 Idaho 621, 624, 790 P.2d 914, 917 (1990); *see also Hipwell v. Challenger Pallet & Supply*, 124 Idaho 294, 299, 859 P.2d 330, 335 (1993).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citing *Hull v. Giesler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)).

## III.    ANALYSIS

### A.  We will not address Bergeman's claim that the district court erred by dismissing his claim because he has failed to support this claim with argument and authority.

Both Select and Elabed argue that Bergeman has waived the majority of his issues on appeal by failing to support those issues with argument and authority and because his brief is a general attack upon the decision of the district court. Bergeman responds that their argument is incorrect and that he "will not discuss cases or law when the arguments surrounding those as mostly presented in the 46 pages of briefing . . . are merely an attempt to mislead this Court and waste the appellant's time herein."

The Idaho Appellate Rules require that an appellant's argument "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "Regardless of whether an issue is explicitly set forth in the party's brief as one

3

of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Hull*, 163 Idaho at 251, 409 P.3d at 831 (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. This Court will not search the record on appeal for error." *Id.*

Bergeman has not properly supported his appeal of the district court's decision to dismiss. The introductory sections of Bergeman's brief contain six excerpts from the appellate record and hearing transcript. The standard of review section of Bergeman's brief does include citation to numerous authority relating to the law regarding dismissal of actions pursuant to Idaho Rule of Civil Procedure 12(b)(6) and motions to consolidate. However, the argument section of Bergeman's brief—where we expect to see some effort to apply the law to the specific facts of the case—is devoid of citation to authority[2] or the record.

Instead, Bergeman's arguments on appeal are simply a "general attack upon the findings and conclusions of the district court . . . ." *Hull*, 163 Idaho at 251, 409 P.3d at 831 (quoting *Bach*, 148 Idaho at 790, 229 P.3d at 1152). Much of Bergeman's briefing is dedicated to impugning the district court.

Bergeman contends that the district court had an "inability . . . to focus on the appropriate standard of review and the relevant issues of this case." He posits that the district court "made a glaring error by virtue of participating in [] misleading comments . . . ." He asserts that the district court "committed gross errors of fact and law in this case." Bergeman continues: "It is clear that the District Court, and these defendants, have ignored the appropriate standard of review in denying the motion to consolidate and in also granting the motion to dismiss." He states: "It is agreed by virtue of the District Court's poor effort to apply the facts and law that [Select] was quite successful in persuading the District Court to focus on the relationship between [Select] and [] Elabed instead of the relationship between [Select] and its employees." Bergeman's briefing contends that the district court dismissed the case solely because "the District Court saw that this case was one that would be very complex and difficult to manage." Bergeman also asserts that the district court "intentionally ignored" relevant facts. His argument

---

[2] We acknowledge that the argument section relating to the denial of his motion to consolidate did refer to a court rule when it noted that the district court dismissed "this case as a result of the Rule 12(b)(6) motions."

4

concludes: "It is not hard to conclude that the District Court was more focused on the headache presented to it by virtue of the filing of the complaint (and amended complaints) in District Court. It would appear that this poor decision by the District Court was motivated by an intense desire to avoid the headache of presiding over a case it did not properly perceive." His prayer for appellate relief asks that the case be remanded "to an appropriate District Court (who will more appropriately understand the Idaho Rules of Civil Procedure)."

Beyond hurling insults, Bergeman has made no meaningful attempt to engage with the legal reasoning underlying the district court's decision to dismiss his action. Therefore, we will not further address this claim of error.

## B. We affirm the district court's decision to deny Bergeman's motion to consolidate.

Bergeman also argues that the district court's decision to deny his motion to consolidate his complaint with the pending eviction action was error. The district court denied Bergeman's motion after determining that consolidation was not proper under Idaho Rule of Civil Procedure 42(a) because the cases did not contain overlapping questions of common law or fact.

Idaho Rule of Civil Procedure 42(a) governs consolidation for cases that "involve a common question of law or fact . . . ." A decision to grant or deny a motion to consolidate pursuant to Idaho Rule of Civil Procedure 42(a) is reviewed by this Court for an abuse of discretion. *Jones v. Jones*, 117 Idaho 621, 624, 790 P.2d 914, 917 (1990).

On appeal, Bergeman does not argue that the district court's decision was an abuse of discretion under any of the four parts of the applicable test. Instead, Bergeman argues that the district court was "focused on the headache presented to it." "[W]hen a party 'does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it, or that the district court did not reach its decision by an exercise of reason,' such a conclusory argument is 'fatally deficient' to the party's case." *Estate of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 899, 422 P.3d 1101, 1105 (2018) (quoting *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017)). Although Bergeman's statement of the standard of review correctly identifies a motion to consolidate as being committed to the discretion of the trial court, he does not address the standard of review we apply to such discretionary decisions. Thus, his contention that the district court erred by denying

his motion to consolidate "is fatally flawed due to his failure to 'identify the applicable standard of review, much less attempt to apply it.' " *Mortensen v. Berian*, 163 Idaho 47, 53, 408 P.3d 45, 51 (2017) (quoting *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016)).

Bergeman's argument contains a second fatal flaw: he makes no effort to explain why the denial of his motion to consolidate resulted in prejudice to him. "[B]ecause an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated." *Cedillo v. Farmers Ins. Co.*, 163 Idaho 131, 136, 408 P.3d 886, 891 (2017) (quoting *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012)).

For these reasons, we affirm the district court's decision denying Bergeman's motion to consolidate.

## C. Bergeman's attorney is directed to pay attorney fees Select and Elabed incurred on appeal pursuant to Idaho Appellate Rule 11.2.

Bergeman asks this Court to award him attorney fees in pursuing this appeal; however, Bergeman is not the prevailing party. Thus, he is not entitled to an award of attorney fees.

Select and Elabed request attorney fees for defending this appeal pursuant to Idaho Code section 12-121 on the basis that Bergeman's appeal is frivolous, unreasonable, or without foundation. An award of fees under Idaho Code section 12-121 is appropriate "when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the trial court incorrectly applied well-established law." *PHH Mortg. v. Nickerson*, 160 Idaho 388, 400, 374 P.3d 551, 563 (2016) (quoting *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009)).

Rather than awarding attorney fees under Idaho Code section 12-121, we find it more appropriate to award attorney fees pursuant to Idaho Appellate Rule 11.2 as sanctions against Bergeman's counsel. The Rule permits this Court, acting on its own motion, to impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee." Sanctions imposed under the Rule may be imposed against a party, its attorney, or both. I.A.R. 11.2(a). Under Rule 11.2, sanctions are proper "when a party or attorney violates either (a) the frivolous filings clause or

(b) the improper purpose clause." *Hartgrave v. City of Twin Falls*, 163 Idaho 347, 357, 413 P.3d 747, 757 (2018).

The frivolous filings clause applies when an argument is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . ." I.A.R. 11.2(a). We have previously interpreted the frivolous filings clause to apply under the same circumstances that warrant awards under Idaho Code section 12-121. *Akers v. Mortensen*, 160 Idaho 286, 289–90, 371 P.3d 340, 343–44 (2016) (awarding attorney fees under both Idaho Code section 12-121 and Idaho Appellate Rule 11.2 for the same conduct). Rule 11.2 sanctions are appropriate against an attorney when we have been convinced that the represented party does not "bear[] responsibility for the legal arguments advanced on [its] behalf." *Funes v. Aardema Dairy*, 150 Idaho 7, 13, 244 P.3d 151, 157 (2010) (declining to award sanctions against a party where the attorney that represented him had died during the appeals process). Based upon Bergeman's counsel's unwarranted attacks on the integrity of the district court and his conduct before this Court, we are convinced that counsel is responsible for this frivolous appeal. Accordingly, we award attorney fees incurred on appeal to Select and Elabed as sanctions against Bergeman's attorney.

## IV.    CONCLUSION

We affirm the judgment of the district court and its order denying Bergeman's motion to consolidate. We award attorney fees incurred on appeal to Select and Elabed as sanctions against Bergeman's attorney.  Costs to Select and Elabed.


Chief Justice BURDICK, Justices BEVAN and STEGNER **CONCUR.**

BRODY, J., concurring.

I concur with the Court's decision in parts A and B of the opinion. I cannot join part C of the opinion because the decision rests in part on the conduct of counsel during the original oral argument before this Court. I was not present at the original oral argument and a recording was not preserved due to a failure of recording equipment. I participated in a subsequent oral argument of this matter. Counsel's conduct during the subsequent oral argument is not at issue.