## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 48424

ALPHA MORTGAGE FUND II, an Idaho )
limited liability company, "as trustee for the )
benefit, on a parity of all Variable Rate )
30-Year (Series "II-A") Debenture Holders," )    Boise, August 2021 Term
)
   Plaintiff-Respondent, )
v. )    Filed:  October 13, 2021
)
ROBERT L. DRINKARD and NANCY A. )
DRINKARD, Husband and Wife, )    Melanie Gagnepain, Clerk
)
   Defendants-Appellants, )
)
and )
)
PHEASANT RUN VI, LLC, an Idaho )
limited liability company, )
)
   Defendant. )
_____ )

Appeal from the District Court of the Third Judicial District of State of Idaho, Canyon County. Thomas W. Whitney, District Judge.

The decision of the district court is affirmed.

Vernon K. Smith, Boise, attorney for Appellants.

Gery W. Edson, P.A., Boise, attorney for Respondents.
_____

BEVAN, Chief Justice

This appeal challenges the propriety of an order renewing a judgment. Pheasant Run VI, LLC, Robert Drinkard, and Nancy Drinkard (collectively, "the Drinkards") appeal from the district court's order renewing a judgment for Alpha Mortgage Fund II ("Alpha") in the amount of $1,842,509.59. The Drinkards argue the district court erred when it granted Alpha's motion to renew because Alpha had not recorded its most recent judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

1

Pheasant Run VI, LLC, ("Pheasant Run") is a limited liability company wholly owned by Robert and Nancy Drinkard. In 2007, Pheasant Run obtained a loan from Alpha and, to secure the loan, executed a deed of trust on property in Canyon County, Idaho. Robert and Nancy acted as guarantors for the loan. Soon after, Pheasant Run defaulted on the loan and Alpha pursued a foreclosure sale of the Canyon County property. Although Alpha recouped the property, a significant deficiency existed between the amount Pheasant Run owed and the property's fair market value.

Based on the deficiency, Alpha sued Pheasant Run and Robert and Nancy, as guarantors. Alpha sought a judgment against Pheasant Run, Robert and Nancy in the amount of the deficiency, $1,056,912.53, plus interest. Ultimately, based on a stipulation among the parties, judgment was entered for Alpha in the amount of $1,170,101.95, on February 23, 2010 ("Original Judgment"). The Original Judgment was renewed on February 12, 2015, in the amount of $1,510,663.35 ("2015 Judgment"). The increase was due to accumulated interest. Alpha did not record the 2015 Judgment.

On February 10, 2020, Alpha moved the district court to again renew the Original Judgment pursuant to Idaho Code section 10-1111, seeking $1,842.509.59, which included accrued interest. The Drinkards objected. The Drinkards argued the Original Judgment had expired, the 2015 Judgment served as the basis for renewal, and the 2015 Judgment could not be renewed because Alpha had not recorded it. The district court, finding recording of the 2015 Judgment was unnecessary and that the motion to renew was made within the statutory timeframes of Idaho Code section 10-1111, granted Alpha's motion to renew. The renewed judgment was entered on September 23, 2020, in the amount of $1,842,509.59. The Drinkards timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court err when it granted Alpha's motion to renew the Original Judgment?
2. If so, is an inappropriate renewal of a money judgment a violation of the Takings Clause of the United States Constitution?
3. Is either party entitled to attorney fees on appeal?

## III. STANDARD OF REVIEW

"The interpretation of a statute is a question of law this Court reviews de novo." *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019). Similarly, "[c]onstitutional questions… are questions of law over which this Court exercises free review." *Dep't of Fin., Sec. Bureau v.*

2

*Zarinegar*, 167 Idaho 611, 622, 474 P.3d 683, 694 (2020) (quoting *Nye v. Katsilometes*, 165 Idaho 455, 458, 447 P.3d 903, 906 (2019)).

## IV. ANALYSIS

First, the Drinkards assert a constitutional claim and a judicial extinguishment claim based on theories first raised on appeal. Second, Alpha moves this Court to strike background facts from the Drinkards' opening brief. Finally, the district court granted Alpha's motion to renew the Original Judgment after finding the judgment remained unsatisfied and Alpha's motion to renew was filed within five years of the 2015 Judgment. The Drinkards argue the district court erred when it granted Alpha's motion to renew because Idaho Code section 10-1111(1) requires a renewed judgment to be recorded to seek a subsequent renewal within the statutory timeframe. For the reasons below, we affirm the district court's decision.

### A. The Drinkards' constitutional and judicial extinguishment arguments will not be addressed because they were not preserved below.

"This Court will not consider issues raised for the first time on appeal." *ABK, LLC v. Mid-Century Ins. Co.*, 166 Idaho 92, 101, 454 P.3d 1175, 1184 (2019) (quoting *Mickelsen Constr., Inc. v. Horrocks*, 154 Idaho 396, 405, 299 P.3d 203, 212 (2013)). "[P]arties will be held to the theory upon which the case was presented to the lower court." *Id.* (quoting *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017)). Moreover, an issue first raised in oral argument before this Court is untimely and will not be considered. *Robbins v. County of Blaine*, 134 Idaho 113, 115 n. 1, 996 P.2d 813, 815 n. 1 (2000) (citing *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 198, 879 P.2d 1126, 1131 (1994)).

The Drinkards raise two issues for the first time on appeal. First, the Drinkards allege that the district court's renewal of the Original Judgment was error. Based on this allegation, the Drinkards further contend the district court's renewal constitutes an unlawful taking under the United States Constitution. According to the Drinkards,

> [b]y virtue of the procedural aspect of the renewal [s]tatute which Alpha's "Renewed Judgment" has failed to meet, the Drinkards are being denied equal protection under the law and denied due process, significant constitutional issues raised when substantive due process procedures are ignored by the lower court, and the court exceed [sic] the statutory authority by renewing an expired [j]udgment. The wrongful taking of property, in violation of the United States Constitution, is an issue arising from this controversial disposition.

Second, the Drinkards argue for the first time in their reply brief that, had Alpha sought and received a deficiency judgment against the Drinkards after this Court rendered its decision in *AgStar Financial Services, ACA v. Gordon Paving Co. Inc.*, 161 Idaho 817, 391 P.3d 1287 (2017), no deficiency judgment would exist because the underlying debt would be judicially extinguished.

The record is completely devoid of either the Drinkards' takings argument or their judicial extinguishment argument based on *AgStar.* The takings issue was not raised in the Drinkards' memorandum opposing Alpha's motion to renew the judgment. The issue was also not raised in the Drinkards' reply memorandum in opposition to the motion to renew. Moreover, the district court made no ruling on the Drinkards' takings assertions. Likewise, nowhere in the record do the Drinkards rely on this Court's holding in *AgStar*.

Thus, this Court concludes the Drinkards' takings argument and judicial extinguishment argument will not be addressed because of the failure to raise the issues below.

**B.    Alpha's motion to strike is denied.**

Alpha moves this Court to strike background facts from the Drinkards' opening brief under Idaho Rule of Civil Procedure 12(f)(2). Alpha asserts the facts are repetitive, scandalous, and imply Alpha improperly obtained the Original Judgment. In response, the Drinkards argue the facts at issue are necessary to reflect the origins of this case.

To begin, we note that the proper authority for such a motion is I.A.R. 11.2(a) (if a motion "is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction. . . ."). An appropriate sanction could include striking portions of briefs which are allegedly signed in contravention of the rule. Motions to strike under Idaho Rule of Civil Procedure 12(f) generally focus on pleadings. "The court may strike from a pleading . . . ." I.R.C.P. 12(f); *see also Hayden Lake Recreational Water and Sewer Dist. v. Haydenview Cottage*, LLC, 835 F. Supp. 2d 965, 984 (D. Idaho 2011) ("The [c]ourt has recognized in previous cases that motions to strike . . . are limited to pleadings[.]"). In addition, motions to strike may also be addressed to the sufficiency of affidavits on summary judgment. *See generally Sales v. Peabody*, 157 Idaho 195, 202, 335 P.3d 40, 47 (2014) (explaining that motions to strike are also permissible for affidavits at summary judgment under I.R.C.P. 56(c) to preserve the right to challenge the admission of evidence on appeal).

4

Since Alpha moved to strike the statements under a rule of civil procedure that is unsuited to appellate proceedings, we will deny the motion. In addition, we also decline to take such action on our own initiative under I.A.R. 11.2(a).

**C.     The district court did not err when it granted Alpha's motion to renew the Original Judgment even though Alpha did not record the 2015 Judgment.**

The district court granted Alpha's motion to renew the Original Judgment after finding the judgment remained unsatisfied and that Alpha's motion was filed within five years of the most recently renewed 2015 Judgment. For the reasons below, we affirm.

The Drinkards assert the Original Judgment has expired and the only judgment subject to renewal is the 2015 Judgment. Even so, the Drinkards maintain the 2015 Judgment cannot be renewed because Alpha did not record it. According to the Drinkards, "[s]ince the adoption of [Idaho Code section 10-1111(1)] . . . there has always been the requirement of a *lien* to be eligible for renewal, and it must exist when the [m]otion to [r]enew is filed." (Emphasis in original.) The Drinkards argue the district court erred when it granted Alpha's motion to renew because

> [t]he February 12, 2015[,] [i]nstrument was the proper subject for reviewal [sic] by the lower court—though never requested—but was considered, and the issue then to be addressed was whether there was statutory compliance—was the February 12, 2015, [i]nstrument *recorded to obtain a statutory lien*—a requirement under every version of the renewal [s]tatute. Since no statutory lien was ever created on the renewed [i]nstrument, required under [Idaho Code section] 10-1110, that [i]nstrument did not qualify for renewal by the lower court, and Alpha's [m]otion should have been denied.

(Emphasis in original).

In response, Alpha argues that a party may renew a judgment so long as renewal is sought within the statutory timeframe provided by Idaho Code section 10-1111(1)—in this case, five years. Alpha maintains its motion to renew the Original Judgment, which was made within five years of the 2015 Judgment, complied with Idaho Code section 10-1111(1) and thus the district court did not err when it granted Alpha's motion to renew.

Idaho Code section 10-1111, at the commencement of this case in 2010, provided:

> Unless the judgment has been satisfied, at any time prior to the expiration of the lien created by section 10-1110, Idaho Code, or any renewal thereof, the court that entered the judgment . . . may, upon motion, renew such judgment. The renewed judgment *may be recorded* in the same manner as the original judgment, and the lien established thereby shall continue for five (5) years from the date judgment.

I.C. § 10-1111(1) (1995) (amended 2018) (emphasis added).[1]

As referenced in Idaho Code section 10-1111(1), Idaho Code section 10-1110 provides that "any judgment . . . may be recorded . . . and from the time of such recording, and not before, the judgment so recorded becomes a lien upon all real property of the judgment debtor[.]"

The Drinkards contend Idaho Code section 10-1111(1) requires a judgment be recorded to be renewed. That contention, however, does not align with Idaho law. In *Grazer v. Jones*, 154 Idaho 58, 294 P.3d 184 (2013), this Court explained the difference between judgments and judgment liens. "A judgment lien is distinct from the underlying judgment, and therefore the judgment does not expire merely because the lien has expired." *Id*. at 65, 294 P.3d at 191. Idaho Code section 10-1110 permits the recording of a judgment, thus creating a lien on all the debtor's real property. *Id*. That lien expires five years after the underlying judgment is entered or, if the judgment is renewed, five years after the underlying judgment is renewed. *Id*. ("Th[e] lien expires five years after the underlying judgment's entry. However, the judgment lienor may file a motion to renew the judgment . . . and then file and record the renewed judgment[.]" (internal citations omitted)). Under Idaho Code section 10-1111(1), a "motion to renew must be made within five years of the date of the judgment, and renewal prolongs the lien for an additional five years from the date of the renewed judgment." *Id*.

In *Grazer*, clarifying the date from which to measure the five-year period of a judgment lien's existence, this Court overruled a prior case that stated Idaho Code section 10-1111 "provides that a judgment lien may be renewed within five years after the judgment is *recorded.*" *Id*. at 66, 294 P.3d at 192 (quoting *G & R Petroleum, Inc. v. Clements*, 127 Idaho 119, 121 n. 2, 898 P.2d 50, 52 n. 2 (1995) (emphasis in original)). This Court explained the appropriate date is the date of judgment. *Id*. ("Under the correct interpretation, the lien, and the right to renew it under our law, expired . . . five years after the date the judgment was entered[.]"). *Id*. Accordingly, "the limitations period begins to run 'from the date the judgment is entered or *last renewed* in the rendering state.'" *Id*. at 67, 294 P.3d at 193 (quoting *Potomac Leasing Co. v. Dasco Tech. Corp*., 10 P.3d 972, 975 (Utah 2000) (emphasis in original)).

---

[1] The current renewal statute is nearly identical to the 1995 version except that the timeframe for renewal is every ten years instead of every five. I.C. § 10-1111 (2018). Even so, the Original Judgment was entered in 2010 when the statute required renewal every five years. Thus, Alpha is subject to the restraints of the 1995 version. *See Nye*, 165 Idaho at 460–62, 447 P.3d at 908–10 (applying version of a statute in effect at the time a case was filed despite the statute being amended approximately six months later).

More recently, in a case involving Drinkards' counsel Mr. Smith, this Court noted that a judgment need not be recorded to be valid. *See Smith v. Smith II*, 164 Idaho 46, 52, 423 P.3d 998, 1004 (2018). In *Smith II*, this Court made clear, "[a]s an initial matter, there is no requirement that a judgment be recorded at all, as [Idaho Code section 10-1110] provides that a 'judgment or decree . . . *may* be recorded[.]' The statute does not mandate recording for a judgment to be valid." *Id*. (citations omitted). Similarly, in 1998, the Idaho Court of Appeals rejected an appellant's argument that a money judgment could be renewed only if the judgment achieved lien status through recordation. *Smith v. Smith I*, 131 Idaho 800, 801–02, 964 P.2d 667, 668–69 (Ct. App. 1998). There, the court explained:

> By its terms, [Idaho Code section] 10-1111 provides for the renewal of judgments, not just judgment liens. In our view, the language in [section] 10-1111 upon which [appellant] relies merely designates the time period within which a renewal motion must be brought; it does not limit the statute's application to those judgments that are secured by an actual lien on real property then owned by the judgment debtor.

*Id*. at 802, 964 P.2d at 669.

In 2012, the Idaho Court of Appeals again explained that recording a judgment is unnecessary to the renewal process. *Bach v. Dawson*, 152 Idaho 237, 239, 268 P.3d 1189, 1191 (Ct. App. 2012). There, the court provided "Idaho Code section 10-1111(1) allows a court to renew, upon a motion, an unsatisfied judgment at any time prior to the expiration of the judgment lien created by section 10-1110." *Id*. The court continued: "[i]n short, a civil judgment—*whether or not a lien is actually recorded*—will last for five years, at which time it expires, unless a party, before that expiration, makes a motion to renew and such motion is granted by the court." *Id*. (emphasis added) (citing *Smith I*, 131 Idaho at 802, 964 P.2d at 669).

Put simply, a judgment may be renewed so long as it remains unsatisfied and the motion to renew is made within the time enumerated by Idaho Code section 10-1111(1). Despite the Drinkards' argument to the contrary, *Grazer* does not stand for the proposition that Idaho Code section 10-1111(1) requires a recording. *Grazer* stands for the proposition we articulated: "*to obtain a lien* based on a *renewed* judgment, it must be re-filed and re-recorded." *Grazer*, 154 Idaho at 69, 294 P.3d at 195 (emphasis added). The Drinkards' contention otherwise conflicts with clearly existing case law.

Based on the statutory language in effect when this case commenced in 2010, the motion to renew must have been made within five years. The district court entered the Original Judgment

7

on February 23, 2010. The Original Judgment was renewed on February 12, 2015. Alpha's motion to renew was filed on February 10, 2020, less than five years after the 2015 Judgment was last renewed. Consequently, the district court did not err when it granted Alpha's motion to renew the Original Judgment. We, therefore, affirm the decision of the district court.

**D.      Attorney fees and Rule 11.2 sanctions.**

The Drinkards request an award of attorney fees and costs pursuant to Idaho Code sections 12-120(3), 12-121 and Idaho Appellate Rule 40. Alpha requests "an appropriate admonishment and fees . . . based on [Drinkards'] mischaracterization" of Alpha in their briefing. Alpha also requests "attorney fees as a matter of right." Since Alpha prevailed in this matter, Drinkards are not the prevailing party, and they are not entitled to an award of attorney fees or costs.

As to the request by Alpha, we note that while Alpha is the prevailing party in this appeal, its general request is insufficient to merit an award of attorney fees under the authority of Idaho Code 12-121 or any similar rule. Alpha fails to cite any legal authority to support the request for attorney fees. This Court "will not consider a request for attorney fees on appeal that is not supported by legal authority or argument." *Frank v. Bunker Hill Co.* 150 Idaho 76, 80, 244 P.3d 220, 224 (2010) (quoting *Bream v. Benscoter*, 139 Idaho 364, 369, 79, P.3d 723, 728 (2003)). We have consistently held that a party claiming attorney fees "must assert the specific statute, rule, or case authority for its claim." *Regdab, Inc. v. Graybill*, 165 Idaho 293, 297, 444 P.3d 323, 327 (2019). In addition, Alpha failed to assert a claim for attorney fees as an issue presented on appeal. It has thus waived any right to seek attorney fees in this case. "Any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party as provided by Rules 35(a)(5) and 35(b)(5) . . . ." I.A.R. 41(a).

Even so, this Court has the authority, on its own initiative, to award attorney fees as a sanction when an appeal is pursued in violation of I.A.R. 11.2(a).

> The Rule permits this Court, acting on its own motion, to impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee." Sanctions imposed under the Rule may be imposed against a party, its attorney, or both.

Bergeman v. Select Portfolio Servicing, 164 Idaho 498, 503, 432 P.3d 47, 52 (2018) (quoting I.A.R. 11.2(a)); *see also Valencia v. Saint Alphonsus Med. Ctr.*, 167 Idaho 397, 403, 470 P.3d 1206, 1212 (2020).

We conclude that this case presents a textbook example of an appeal that was pursued in violation of Rule 11.2, and that attorney fees should be awarded against appellant's counsel personally as a sanction. Vernon K. Smith, the Drinkards' counsel, has shown a penchant for disregarding Idaho Appellate Rules, and his failure to abide by this Court's prior admonitions warrants a sanction in this case.

Idaho's Appellate Rules require an appellant's brief contain argument including "the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." *Bergeman*, 164 Idaho at 501, 432 P.3d at 50 (quoting I.A.R. 35(a)(6)). The brief must also contain a concise and accurate statement of facts. I.A.R. 35(a)(3)(iii). To assure parties comply with the briefing requirements, Rule 11.2 requires that each brief be signed by the attorney handling the appeal. The attorney's signature certifies:

> to the best of the signer's knowledge, information, and belief after reasonable inquiry [the brief] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I.A.R. 11.2(a).

The Drinkards' claims are not well-grounded in fact, nor are they warranted by existing law or an extension thereof. First, the Drinkards' appeal contains little in the way of legal argument or authority The Drinkards' brief fails to include appropriate citations to the record or a comprehensible argument. Large swaths of the Drinkards' argument are merely block-quoted statutes or lengthy sections of cases with little attempt at a cogent argument explaining the applicability to the facts of the case. Second, Smith asks this Court to disregard existing law—not based on a good faith argument to reverse that law—but because he disagrees with how this Court applied the law in a case in which he was a party. Disagreeing with this Court is not a sufficient reason to disregard precedent or to advocate that this Court do so. Appellate arguments must be "warranted by existing law . . . ." *Id*. Smith pursued this appeal against Alpha even though he had litigated the very case that decided principles of law against his position here. *Smith II*, 164 Idaho at 53, 423 P.3d at 1005. He was thus aware that the issues on appeal have been *settled* directly against his position in this case. Pursuing the appeal anyway is frivolous and a waste of time and needlessly increased the cost of litigation for Smith's clients and for Alpha.

9

This Court has, on multiple occasions, warned Smith to comply with Idaho Appellate Rule 35(a)(6), noting that the rule requires the argument section of an appellant's brief "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes, and parts of the transcript and record relied upon." *See Sprinkler Irrigation Co., Inc. v. John Deere Ins. Co., Inc.*, 139 Idaho 691, 698, 85 P.3d 667, 674 (2004) (holding sanctions were proper when Smith's brief was "virtually void of any citation to the transcript and record relied upon" and thus "failed to conduct a reasonable inquiry that the appeal be well grounded in fact and warranted by existing law as required" by the appellate rules); *see also Smith By and Through Smith v. Treasure Valley Seed Co., LLC*, 164 Idaho 654, 658, 434 P.3d 1260, 1264 (2019) (concluding "Smith's claims are merely a regurgitation of what was argued and ruled upon by this Court previously. His attempts to relitigate this issue are therefore precluded by the 'law of the case' doctrine."); *Smith II*, 164 Idaho at 53, 423 P.3d at 1005 (explaining Smith "has failed to show that the district court incorrectly applied well-established law" and failed to provide "any cogent argument as to why his claims…are not clearly barred by *res judicata*."). As noted, these warnings included admonitions not to simply argue positions against what had been decided by this Court previously.

Now, Smith appeals to this Court, representing the Drinkards, raising the exact issues on which this Court has ruled against him before. Smith asks this Court, in effect, to second-guess the holding we reached in *Smith II*, a case, as we have noted, in which he was a party. But the Drinkards' case by any other name is still the same argument. On our own motion, we may award fees and costs against both the party and the party's attorney who have violated Rule 11.2. We have done this before in a case involving Smith. Still, Smith continues to flout Idaho Appellate Rules and the standard for good faith appeals. As such, the Drinkards' appeal was filed in direct contravention of I.A.R. 11.2(a); it was frivolous, unreasonable, and without foundation. For these reasons, the Court sanctions Smith by requiring him to personally pay Alpha's attorney fees and the costs Alpha incurred in defending its position in this appeal.

## V. CONCLUSION

The district court's judgment is affirmed. Costs and attorney fees are awarded to Alpha against Vernon K. Smith personally, pursuant to I.A.R. 11.2(a).

JUSTICES BRODY, STEGNER, MOELLER, and ZAHN, CONCUR.

10